**BROCK & SCOTT, PLLC**
By: Andrew L. Spivack, Esquire, Identification No. 84439
2011 Renaissance Boulevard, Suite 100
King of Prussia, PA 19406
Telephone: (844) 856-6646
E-mail: Andrew.spivack@brockandscott.com
*Attorneys for Freedom Mortgage Corporation*

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION | CIVIL ACTION NO. 5:23-CV-01220 KBH |
| V. | |
| LUIS MIGUEL RIVERA | |
| | **ATTORNEY CERTIFICATION** |

I, Andrew L. Spivack, attorney at law in the State of Pennsylvania, do hereby certify as follows:

1. I am an attorney at law in the State of Pennsylvania and am associated with the Law Firm of Brock & Scott, PLLC as counsel for Freedom Mortgage Corporation.

2. By Deed dated June 5, 2019, title to the property commonly known as 1925 Reading Avenue, Reading, PA 19609 ("Property") was vested in Luis M. Rivera a/k/a Luis Miguel Rivera ("Rivera"). Said Deed was recorded with the Berks County Recorder of Deeds on June 14, 2019, as Instrument Number 2019018911. A copy of the recorded Deed, redacted to remove confidential personal identifiers, is attached hereto, made part hereof, and marked as **Exhibit "A"**.

3. In order to secure the funds to purchase the Property, Rivera executed a Purchase Money Mortgage dated June 7, 2019, to Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for Stearns Lending LLC, its successors and assigns. Said Mortgage was recorded with the Berks County Recorder of Deeds on June 14, 2019, as Instrument Number 2019018912 ("Mortgage"). A copy of the recorded Mortgage, redacted to remove confidential personal identifiers, is attached hereto, made part hereof, and marked as **Exhibit "B"**.

4. By assignment of Mortgage executed on February 3, 2020, Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for Stearns Lending LLC, its successors and assigns assigned the Mortgage to Freedom Mortgage Corporation ("Freedom"). Said Assignment of Mortgage was recorded with the Berks County Recorder of Deeds on February 4, 2020, as Instrument Number 2020004298 ("Assignment"). A copy of the recorded Assignment, redacted to remove confidential personal identifiers, is attached hereto, made part hereof, and marked as **Exhibit "C"**.

5. On March 31, 2022, Freedom initiated foreclosure proceeding in the Court of Common Pleas of Berks County, Pennsylvania under docket number 22-03210 as a result of Rivera's default under the terms of the Mortgage. A copy of the filed Foreclosure Complaint is attached hereto, made part hereof, and marked as **Exhibit "D"**.

6. On May 20, 2022, Judgment was entered in the Foreclosure Action in favor of Freedom and against Rivera in the amount of $188,039.87. A copy of the filed Judgment is attached hereto, made part hereof, and marked as **Exhibit "E"**.

7. On June 30, 2022, Freedom filed a Motion to Reassess Damages within the foreclosure action, which was granted by Court of Common Pleas of Berks County, Pennsylvania on November 3, 2022, in the amount of $198,076.78. A copy of the filed Order is attached hereto, made part hereof, and marked as **Exhibit "F"**.

8. A foreclosure Sheriff's sale of the Property was scheduled for November 10, 2022.

9. On August 19, 2022, Rivera filed a Motion to Dismiss the Foreclosure Complaint, which was denied by Court of Common Pleas of Berks County, Pennsylvania on October 21, 2022. A copy of the filed Order is attached hereto, made part hereof, and marked as **Exhibit "G"**.

10. On November 9, 2022, the day before the foreclosure Sheriff's sale, Rivera filed a Chapter 13 Bankruptcy in the Eastern District of Pennsylvania under case number 22-13016, imposing an automatic stay upon the foreclosure Sheriff's sale.

11. As a result of the automatic stay of Rivera's bankruptcy, the foreclosure Sheriff's sale was postponed to June 9, 2023 and has recently been canceled pending the outcome of both actions.

12. On February 9, 2023, Freedom filed a Motion in Bankruptcy Court seeking Relief from the Automatic Stay. The Motion indicated that Rivera was post-petition delinquent for December 1, 2022 thru February 1, 2023.

13. On February 16, 2023, while Rivera's Chapter 13, Bankruptcy case was still pending and the automatic stay in place, Rivera filed a Complaint in the Eastern District of Pennsylvania docketed as 5:23-CV-00653-JLS – this matter is still pending.

14. On March 14, 2023, a hearing was held regarding Freedom's Motion for Relief from the Automatic Stay. At the hearing, Rivera advised the Bankruptcy Court of the recission issues (same issues raised in 5:23-cv-00653-JLS). The Bankruptcy Court then issued an order granting Freedom relief from the automatic stay. A copy of the filed Order is attached hereto, made part hereof, and marked as **Exhibit "H"**.

15. On March 28, 2023, Rivera filed a Notice of Appeal of the order that granted Freedom relief from the automatic stay.

16. On April 24, 2023, Rivera submitted his Brief to the Court, all of the issues raised in the current appeal mirror those same issues raised and plead in 5:23-CV-00653-JLS.

17. Rivera alleged in 5:23-cv-00653 that he mailed a "Notice of Right of Recission" pursuant to the Truth-in-Lending Act to Stern Lending LLC and MERS "Mortgage Electronic Registration Systems Inc" by certified mail and attached alleged evidence of the mailing by certified mail as Exhibit B to the Rivera's Complaint in 5:23-CV-00653-JLS.

18. The subject mortgage is a Purchase money Mortgage used by Rivera to finance the acquisition of the Property and is not a refinance. Consequently, no right of rescission of the mortgage exists under the Truth-in-Lending Act.

19. For argument sake, even if a right of rescission of the subject Mortgage had existed under the Truth-In-Lending Act, the certified mail receipts for mailing said notice evidence that the mailing occurred on November 2, 2022, which is three (3) years, four (4) months and twenty-six (26) days

after origination of the June 7, 2019 Purchase Money Mortgage, which is beyond the three (3) years statute of repose for recission under the Truth-in-Lending, barring any such claim. See Plaintiff's Complaint in 5:23-CV-00653-JLS, Exhibit B.

20. As stated above, Judgment was entered on May 20, 2022, in the Mortgage Foreclosure action and a Motion to Reassess Damages was granted on June 30, 2022, any defenses that Rivera had which includes recission could have and should have been raised before Judgment was entered. All of these arguments raised by Rivera are precluded by res judicata.

21. The Bankruptcy Court did not commit any error when it granted Freedom relief from the automatic stay. The Bankruptcy Court does not sit in review of the State Court. All of arguments raised by Rivera regarding recission could have and should have been raised in defense of the Mortgage Foreclosure Complaint. However, once the judgment was entered these arguments are lost and are not reviewable by either the Bankruptcy Court or this Court pursuant to res judicata and the Rooker-Feldman doctrine. The only issue before the Bankruptcy Court was whether Freedom could obtain relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) and (2). Since Rivera admitted that he had not tendered the mortgage payments, the Bankruptcy Court's decision to grant Freedom relief from the automatic stay was correct.

22. Based on the face of the complaint, matters of public record such as the publicly recorded deed, mortgage and assignment as well as the filed pleadings and Orders within the State foreclosure action, Rivera's Complaint must be dismissed with prejudice under F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction and F.R.C.P. 12(b)(6) for failure to state any claim upon which relief can be granted.

23. Issues I, II, III and III (sic) presented by Rivera all seek to have this Court review the final State Court Judgment. As stated above, both the Bankruptcy Court and this Courts lacks standing to review the Mortgage Foreclosure Judgment.

24. This appeal appears to be a carbon copy of the appeal filed (and currently pending) in 5:23-

CV-00653-JLS. It should be noted that Freedom Mortgage has filed a Motion to Dismiss in that matter too; and is awaiting a determination.

25. It should also be noted that Rivera has also filed a Motion to Set Aside the Foreclosure Judgment, which Freedom has opposed, and the same is pending a decision in the State Court.

BROCK & SCOTT, PLLC

By: /s/ Andrew L. Spivack
Andrew L. Spivack, Esquire
Attorneys for Freedom Mortgage Corporation

Dated: